IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS and WILLIE ELLIS**　　　　　　　　　　　　　　　　　**PLAINTIFFS**
dba Delta Cinema

V.　　　　　　　　　　　　　　　　　　　　　　　　　NO: 4:20-CV-32-DMB-JMV

**CLARKSDALE PUBLIC UTILITIES,**
**CLARKSDALE PUBLIC WORKS, and**
**CITY OF CLARKSDALE**　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### ORDER

On February 26, 2020, Bruce Ellis and Willie Ellis, doing business as Delta Cinema, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Public Utilities, Clarksdale Public Works, and the City of Clarksdale. Doc. #1. The Ellises assert Section 1983 claims alleging the defendants deprived them "of Constitutional Rights secured by the Fifth Amendmnet [sic]" by "taking plaintiff's private property for public use to transport untreated raw sewage and storm drain water without paying just compensation." *Id.* at 3.

On May 7, 2020, the City filed a motion to dismiss for insufficient service of process.[1] Doc. #17. Six days later, the Ellises filed "Plaintiff's Motion for Default Judgment against Defendant City of Clarksdale," Doc. #24, and "Plaintiff's Motion for Default Judgment against Defendant Clarksdale Public Works," Doc. #25. On May 15, 2020, the City responded in opposition to the motion for default against it. Doc. #27. A week later, the City moved to dismiss Clarksdale Public Works on the grounds that "Clarksdale Public Works is a department of the city of Clarksdale" and "not a separate legal entity capable of suing or being sued." Doc. #32 at 1.

---

[1] Earlier, on March 31, 2020, Clarksdale Public Utilities filed a Rule 12(b) motion to dismiss. Doc. #7.

The same day, the Ellises replied in support of their request for a default judgment against the City. Doc. #33. On May 26, 2020, the City, on behalf of Clarksdale Public Works, responded to the motion for default judgment against Clarksdale Public Works. Doc. #34.

To grant a party's request for a default judgment, there first must be a default by the defendant, followed by the clerk's entry of default. Fed. R. Civ. P. 55. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default").

Here, because there has been no entry of default against the City or Clarksdale Public Works, the motions for default judgment must be denied. To the extent each motion could be construed as requesting an entry of default,[2] the motions still must be denied for failure to be supported by an affidavit establishing the fact of default.[3] For these reasons, the Ellises' motions for default judgment [24][25] are **DENIED**.

**SO ORDERED**, this 16th day of July, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Despite their titles, both motions were docketed by the Clerk as motions for entry of default.

[3] Each motion states only that the summons was served and that the summons states, "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." Doc. #24 at PageID #75; Doc. #25 at PageID #77. Though each motion also states that the plaintiffs moved for a default judgment during the case management conference, there was not then, nor now, a preceding entry of default. Regardless, it cannot be shown that the City failed to otherwise defend when the City filed a motion to dismiss before the motions for default judgment were filed, and the City has represented that Clarksdale Public Works is a department of the City. *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss … which may prevent default without presently pleading to the merits.").