**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BRUCE ELLIS,** *doing business
as Delta Cinema***, ET AL.**                                                                            **PLAINTIFFS**

**V.**                                                     **NO. 4:20CV00032-DMB-JMV**

**CLARKSDALE PUBLIC UTILITIES, ET. AL.**                        **DEFENDANTS**

**ORDER**

Before the Court are "Clarksdale's Motion to Stay Discovery" [42], Plaintiffs' response filed July 20, 2020 [44], Plaintiffs' supplemental response filed July 27 [49], and "Clarksdale's Rebuttal Brief in Support of Motion to Stay Discovery" [50]. Having thoroughly considered the parties' submissions, the record, and the applicable law, I find the motion to stay discovery should be granted.

Defendant City of Clarksdale ("Clarksdale") essentially seeks a stay of discovery in this case because it "has not been properly made a party to this action, and as a result, has filed a motion to dismiss based upon insufficient process." Clarksdale further points out that its motion to dismiss raises a jurisdictional issue. Plaintiffs oppose the motion, contending Clarksdale has not shown "good cause" for a stay of discovery, insisting the Court has jurisdiction over Clarksdale under 42 U.S.C. § 1983, and arguing the merits of the claims asserted in their complaint.

"Unless the defendant has been served with process in accordance with FED. R. CIV. P. 4, a federal court lacks personal jurisdiction over the defendant." *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). Here, by its motion to dismiss [17] filed May 7, 2020, Clarksdale contends the case against it should be dismissed under Rule 12(b)(5) of the *Federal Rules of Civil Procedure* because it has not been served with

process in accordance with Rule 4.[1] Consequently, the local rules of this Court authorize a stay of discovery proceedings during the pendency of a jurisdictional issue. Pursuant to L. U. Civ. R. 16(b)(3)(B),

> [f]iling a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

In this case, Clarksdale has filed a jurisdictional defense motion, and Plaintiffs have failed to persuade the Court that any portion of the case should proceed pending resolution of Clarksdale's motion to dismiss. Furthermore, failing to stay discovery at this juncture could result in unnecessarily wasted resources of all parties involved. Accordingly, Clarksdale's motion is GRANTED, and discovery is STAYED pending a decision on the motion to dismiss [17].

    **SO ORDERED** this, the 6th day of August, 2020.

                                      **/s/ Jane M. Virden**
                                      **U.S. MAGISTRATE JUDGE**

---

[1] The Court points out to Plaintiffs that while the Court may be authorized to exercise *subject-matter jurisdiction* over a claim brought pursuant to § 1983, the Court's ability to exercise jurisdiction over the person of any defendant (*personal jurisdiction*) is a separate consideration governed by other authority.