IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS and WILLIE ELLIS**  PLAINTIFFS
dba Delta Cinema

V.  NO: 4:20-CV-32-DMB-JMV

**CLARKSDALE PUBLIC UTILITIES,**
**CLARKSDALE PUBLIC WORKS, and**
**CITY OF CLARKSDALE**  DEFENDANTS

**ORDER**

Before the Court is Clarksdale Public Utilities' motion to dismiss Bruce Ellis and Willie Ellis' pro se complaint for failure to state a claim. Doc. #7.

**I**
**Procedural History**

On February 26, 2020, Bruce Ellis and Willie Ellis, doing business as Delta Cinema, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Public Utilities, Clarksdale Public Works, and the City of Clarksdale. Doc. #1. The Ellises assert a Fifth Amendment claim through the vehicle of 42 U.S.C. § 1983 based on the defendants allegedly "taking plaintiff's private property for public use to transport untreated raw sewage and storm drain water without paying just compensation." *Id.* at 3.

On March 31, 2020, Public Utilities filed a motion to dismiss the Ellises' complaint for failure to state a claim. Doc. #7. The motion is fully briefed. Docs. #8, #23,[1] #31.

---

[1] The Ellises' response is untimely. In the interest of efficiency, the Court considers the untimely response but cautions the parties that failure to comply with the procedural rules applicable to cases before this Court may result in their arguments or evidence not being considered.

## II
## Discussion

Public Utilities argues that dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper because "the Plaintiffs have failed to demonstrate that they have exhausted their state law remedies and their 'taking' claims are not ripe." Doc. #7 at 2. Additionally, it argues that the Ellises failed to comply with the notice provisions of the Mississippi Tort Claims Act ("MTCA"). *Id.* at 2–3. The Ellises' response to the motion does not address either of these arguments. Doc. #23.

To survive a motion to dismiss, "a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (internal quotation marks omitted).

### A. Allegations of the Complaint

The City of Clarksdale "owns the property in rear and front of [the Ellises'] building where erosion of soil caused several cracks in foundation footing wall and floor slab." Doc. #1 at 4. Public Utilities and Public Works "share combined Sanitary Sewer/Storm drains located on property owned by City of Clarksdale and plaintiff." *Id.* "During repairs to Sewer/Storm drains in fall 2017 … it was discovered by Plaintiff's [sic] that sections of pipe running in and around personal property were completely missing or deterioated [sic] and caused a 17 feet hole to occur under the property foundation." *Id.* Because the pipes lost their watertight and gastight characteristics, there was an "unnatural outlet of untreated sewage spill, fowl and obnoxious odors were allowed to trespass onto Plaintiff's [sic] private property causing mold, rot, rust, decay, and erosion of soils from building foundation floor." *Id.* This rendered the property unusable until

2

repairs were made and resulted in "respiratory conditions" treated with over the counter medications. *Id.* at 4–5.

### B. Analysis

Public Utilities seeks dismissal on the argument that the Ellises' takings claim is not ripe based on their failure "to show that they sought just compensation for this alleged taking through available state procedures and that they have been denied same" and their failure "to state that state law proceedings were unavailable or inadequate." Doc. #7 at 2. To support its argument, Public Utilities cites *Pride v. City of Biloxi, Mississippi*, No. 1:10cv100, 2011 WL 5835109 (S.D. Miss. Nov. 21, 2011). *Pride* relies on the United States Supreme Court's opinion in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985). Though not acknowledged by Public Utilities, the Supreme Court in *Knick v. Township of Scott, Pennsylvania*, explicitly overruled the state-litigation requirement of *Williamson County*, explaining that "[a] property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government." 139 S. Ct. 2162, 2179 (2019) (property owner was not required to bring an inverse condemnation claim in state court before pursuing takings claim under § 1983). Thus, dismissal is not warranted simply because the Ellises have state remedies available to them.[2]

Public Utilities next argues that to the extent the claims may be covered by the MTCA, the plaintiffs failed to comply with the Act's notice provisions. Doc. #8 at 4. In their response, the

---

[2] The motion argues the claims are not ripe but does not address whether ripeness is a jurisdictional issue in this case. *See* Doc. #7 at 2–3. To the extent the motion can be read to assert a lack of jurisdiction because the claim is not ripe, such an argument also fails under *Knick*.

Ellises do not address this argument and otherwise fail to provide evidence that they complied with the MTCA.³

Under the MTCA, a plaintiff bringing suit against a governmental entity "must file a notice of claim" "at least ninety (90) days before instituting suit." Miss. Code Ann. § 11-46-11(1). The notice must be in writing, delivered in person or by certified mail, and

> [c]ontain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2)(b)(iii). Mississippi law "requires substantial compliance" with the notice requirement. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (Miss. 2008). "[U]nder *Lee*'s substantial-compliance approach, a statutorily required element can be missing from a pre-suit notice only when … the missing element is not a critical issue." *Hudson v. WLOX, Inc.*, 108 So. 3d 429, 434 (Miss. Ct. App. 2012).

---

³ In a later filing in which they opposed a stay of discovery, the Ellises represented that they "submitted a Notice of Claim to all Defendant's [sic]," including as an exhibit a copy of a "Notice of Incident/Injury" signed by Bruce and City employee Gail Lamb. Doc. #44 at PageID 139, 142. Consideration of this notice does not alter the Court's conclusion that the Ellises failed to comply with the MTCA. The notice does not list the names of all the parties involved or the amount of money damages sought. *See* Doc. #44 at PageID 142. Thus, the notice provides insufficient information required by § 11-46-11(2). Significantly, the amount of damages sought is a critical issue. *See Keever v. Miss. Inst. of Higher Learning*, __ So. 3d __, 2019 WL 1915385, at *4 (Miss. Ct. App. 2019) ("Because Keever failed to include the amount of damages and her residence either at the time of injury or at the time of filing the notice, her notice of claim did not substantially comply with the notice provisions of the MTCA."); *Lane v. Miss. Dep't of Transp., S. Dist.*, 220 So. 3d 254, 260 (Miss. Ct. App. 2017) (concluding that the notice of claim "reflect[ed] non-compliance, rather than substantial compliance," where plaintiff failed to provide information related to extent of injury or his residence at the time of injury or at the time of the claim). Even if the Court accepted the "Notice of Incident/Injury" as an appropriate notice of claim, dismissal would be proper based on the one-year statute of limitations because the document is dated July 3, 2018, and the Ellises did not commence this action until February 26, 2020. Doc. #44 at PageID 142; *see* Miss. Code Ann. § 11-46-11(3)(a) ("All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitation for ninety-five (95) days from the date … the chief executive officer or other statutorily designated official of a political subdivision receives the notice of the claim.").

There can be no dispute that Public Utilities is a "political subdivision" and is "entitled to the MTCA's protections and immunities." *Kelley, LLC v. Corinth Public Utilities Comm'n*, 200 So. 3d 1107, 1113 (Miss. Ct. App. 2016) (finding that public utilities commission "easily satisf[ies] the MTCA's definition of 'political subdivision'"). The Ellises were therefore required to provide notice to Public Utilities in accordance with the MTCA to the extent their claims are covered by the MTCA. As the Ellises have not shown that they complied with the MTCA's requirements, dismissal of any claims under the MTCA is proper.

### III
### Conclusion

Clarksdale Public Utilities' motion to dismiss [7] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of claims under the MTCA. It is DENIED in all other respects.

**SO ORDERED**, this 13th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**