IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS and WILLIE ELLIS**                        **PLAINTIFFS**
**dba Delta Cinema**

**V.**                                    **NO: 4:20-CV-32-DMB-JMV**

**CLARKSDALE PUBLIC UTILITIES,**
**CLARKSDALE PUBLIC WORKS, and**
**CITY OF CLARKSDALE**                             **DEFENDANTS**

## ORDER

Before the Court are the City of Clarksdale's motion to dismiss Bruce Ellis and Willie Ellis' pro se complaint for insufficient service of process, Doc. #17; and the Ellises' motion for reconsideration of the denial of a default judgment, Doc. #46.

## I
## Procedural History

On February 26, 2020, Bruce Ellis and Willie Ellis, doing business as Delta Cinema, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Public Utilities, Clarksdale Public Works, and the City of Clarksdale. Doc. #1. The Ellises assert a Fifth Amendment claim through the vehicle of 42 U.S.C. § 1983 based on the defendants allegedly "taking plaintiff's private property for public use to transport untreated raw sewage and storm drain water without paying just compensation." *Id.* at 3.

The City filed a motion to dismiss for insufficient service of process on May 7, 2020. Doc. #17. The Ellises did not respond to the motion but instead filed a motion for default judgment against the City, Doc. #24, and a motion for default judgment against Public Works, Doc. #25. On July 16, 2020, the Court denied the motions for default judgment because in each instance no default had been entered and no default was warranted because the motion was not supported by

an affidavit. Doc. #43 at 2. The Ellises filed a motion for reconsideration of the denials, Doc. #46, to which they attached an affidavit of Bruce Ellis, Doc. #46-1. The City opposes the Ellises' request for reconsideration. Doc. #52.

## II
## City's Motion to Dismiss

The City moves to dismiss the claims against it with prejudice based on insufficient service of process. Doc. #17. The City argues that the Ellises failed to comply with Federal Rule of Civil Procedure 4 because "a party to the action served the Summons upon an individual with no authority to accept service on behalf of Clarksdale." Doc. #18 at PageID 58. The Ellises did not respond to the City's motion to dismiss.

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to raise the defense of insufficient service of process by motion. Rule 4(c)(2) provides that service of a summons and complaint may be made by "any person who is at least 18 years old and not a party." Service on a local government may be made by "delivering a copy of the summons and of the complaint to its chief executive officer" or by serving the defendant in accordance with the state's laws. Fed. R. Civ. P. 4(j)(2). Under Mississippi Rule of Civil Procedure 4(d)(7), service may be made "[u]pon a municipal corporation by delivering a copy of the summons and complaint to the mayor or municipal clerk."

The proof of service on the City, signed by Faye Ellis, states that Faye left a copy of the complaint and summons with city attorney Melvin Miller and requested that he "forward the copies … to the appropriate City Personnel if he was not the designated person to accept service of process." Doc. #4 at PageID 16. However, the City submitted an affidavit from Miller stating that Bruce "handed [Miller] a copy of the Summons and Complaint in this action, while the person who accompanied him signed the return in [Miller's] presence." Doc. #17-1 at ¶ 6.

2

Miller is the city attorney, not the chief executive officer, mayor, or municipal clerk of Clarksdale. As such, serving the papers on Miller does not meet the requirements of the Federal Rules or Mississippi Rules. *See O'Hara v. City of Hattiesburg*, 222 So. 3d 314, 316 (Miss. Ct. App. 2017) (service on city attorney did not satisfy Mississippi Rule 4(d)(7)); *see also Wright v. City of Las Vegas*, 395 F. Supp. 2d 789, 794 (S.D. Iowa 2005) (service on a city was insufficient under the Federal Rules because state law did not allow for service on a city attorney). Regardless of whether Faye instructed Miller to "forward the copies" to someone who could accept service, it is the Ellises' responsibility, as the plaintiffs, to ensure that service occurs. Fed. R. Civ. P. 4(c)(1). Delivery of the complaint to Miller does not shift the burden of serving the City from the Ellises to Miller. And a "defendant's actual notice of the litigation is insufficient to satisfy Rule 4's requirements." *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)) (alteration omitted). Therefore, even without considering Miller's sworn statement that Bruce served him, there has not been proper service on the City.

However, when service of process is untimely or insufficient, a district court maintains discretion to extend the time to perfect service. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or *order that service be made within a specified time*.") (emphasis added). Where, as here, future litigation would potentially be barred as untimely, dismissal will only be warranted if there is "a clear record of delay or contumacious conduct by the plaintiff … and a [finding that] a lesser sanction would not better serve the interest of justice." *Millan*, 546 F.3d at 326 (cleaned up). Given that dismissal may effectively be with

3

prejudice, that the Ellises have made *some* attempt at service, and that there is no clear evidence of delay or contumacious conduct by the Ellises, the Court, in the exercise of its discretion, will extend the deadline for the Ellises to serve the City. The Court, therefore, will deny the City's motion to dismiss.

### III
### Ellises' Motion for Reconsideration

The Ellises ask the Court to reconsider its order denying their motion for default judgment on grounds that "a Clerk's Entry of Default is appropriate at this time due to Defendant's City of Clarksdale failure to file appropriate responsive pleadings by deadline established by Federal Rule Civil Procedure Rule 4, Rule 55, and other applicable statutes and laws."[1] Doc. #46 at PageID 150. In response, the City argues that an entry of default is unwarranted because the City was never properly served. Doc. #52 at PageID 179.

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient …." *Id.*

The Court denied the Ellises' request for a default judgment against the City because there had been no entry of default, and an entry of default was not proper because the Ellises did not file a supporting affidavit. Doc. #43 at 2. The Ellises attempted to cure this defect by filing an affidavit

---

[1] The Ellises seek reconsideration of their motions for default judgment against both the City and Public Works. Doc. #46 at PageID 150. However, the motion argues that entry of default is appropriate only against the City, presumably based on the Ellises' assertion that "claims against Clarksdale public Works are 'tantamount' to claims against Clarksdale." *Id.* at PageID 150–51.

4

with the motion for reconsideration. Doc. #46-1. Even considering the affidavit,[2] the Ellises are not entitled to an entry of default. When a party has not been properly served, as is the case here,[3] a district court is without jurisdiction to enter a default against the party. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

Even if the City had been properly served, an entry of default is still not warranted. Rule 55(a) allows for an entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend*." Fed. R. Civ. P. 55(a) (emphasis added). The City filed a motion to dismiss on May 7, 2020, six days before the Ellises' motions for default were docketed.[4] Because the City's motion to dismiss was filed before the plaintiffs' motion for default judgment, the City has not failed to defend. *See Waltner v. Aurora Loan Servs., LLC*, No. A-11-CA-502, 2012 WL 12864992, at *2 (W.D. Tex. Jan. 17, 2012) (motions to dismiss filed after deadline to file an answer but before motion for entry of default precluded entry of default under "the plain meaning of Rule 55(a)"), *aff'd*, 551 F. App'x 741, 745 (5th Cir. 2013). Therefore, an entry of default is not proper.

---

[2] Bruce's affidavit represents that (1) Bruce accompanied Faye to Clarksdale City Hall to serve the complaint and summons; (2) they were directed by a clerk in the city clerk's office that Miller was receiving service; (3) Miller told Bruce and Faye that they need a lawyer to serve the summons; (4) Bruce then told Faye to place the summons on the floor at Miller's feet; (5) Miller instructed Bruce to pass it to him; and (6) because of the approximately six-foot gap between Faye and Miller, Bruce "passed the copy of [the] Complaint and Summons on over to Miller." Doc. #46-1 at 1–2.

[3] The contents of the affidavit do not alter this conclusion as it does not establish that Miller is a proper party to accept service on behalf of the City.

[4] Stating that their motion for entry of default judgment was filed May 1, 2020, but not docketed until May 13, 2020, the Ellises ask the Court "to grant filing under the 'mailbox Rule' of Federal Rules of Civil Procedure 6 (d)." Doc. #53 at PageID 202. However, Rule 6(d) applies to actions that may or must be made within a certain period of time "after being served" by mail (among other methods of service) and is not applicable when a party chooses to initiate a matter by mail. Under Rule 5, "[a] paper not filed electronically is filed by delivering it … to the clerk." Fed. R. Civ. P. 5(d)(2)(A). Accordingly, the Ellises' motions were not filed until they were received by the clerk on May 13, 2020.

## IV
## Conclusion

The Ellises' motion for reconsideration [46] and the City's motion to dismiss [17] are **DENIED**. No later than December 4, 2020, the Ellises must complete service of process and show proof of such in accordance with the Federal Rules. If the Ellises fail to do so, their claims against the City will be dismissed without further notice.

**SO ORDERED**, this 13th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**