IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS and WILLIE ELLIS**                                **PLAINTIFFS**
dba Delta Cinema

**V.**                                                                **NO: 4:20-CV-32-DMB-JMV**

**CLARKSDALE PUBLIC UTILITIES,**
**CLARKSDALE PUBLIC WORKS, and**
**CITY OF CLARKSDALE**                                            **DEFENDANTS**

## ORDER

Before the Court is the City of Clarksdale's motion to dismiss Clarksdale Public Works, Doc. #32; and Bruce Ellis and Willie Ellis' "Motion for Joinder of Claims and Parties," Doc. #38.

## I
## Procedural History

On February 26, 2020, Bruce Ellis and Willie Ellis, doing business as Delta Cinema, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Public Utilities, Clarksdale Public Works, and the City of Clarksdale. Doc. #1. The Ellises assert a Fifth Amendment claim through the vehicle of 42 U.S.C. § 1983 based on the defendants allegedly "taking plaintiff's private property for public use to transport untreated raw sewage and storm drain water without paying just compensation." *Id.* at 3.

On May 22, 2020, the City, on behalf of Public Works, moved to dismiss Public Works on the grounds that Public Works is "not a separate legal entity capable of suing or being sued." Doc. #32 at 1. The Ellises did not respond to the motion to dismiss. Instead, on June 30, 2020, they filed a "Motion for Joinder of Claims and Parties," asking the Court to join the City and Public Works under a theory of "Respondeat Superior and Principle-Agent relationship." Doc. #38 at PageID 122. No response to the motion for joinder was filed.

## II
## Analysis

The City's motion to dismiss asks that Public Works be dismissed with prejudice as it "is not a separate legal entity capable of suing or being sued." Doc. #32 at ¶ 1. The City argues that because Public Works is not a separate legal entity and does not have a registered agent authorized to accept service, the Ellises' attempt to serve Public Works by delivering the summons to Gail Lamb, a city employee,[1] is insufficient to serve the City. *Id.* at ¶ 3. The Ellises' motion asks for "joinder of Clarksdale Public Works and the City of Clarksdale." Doc. #38 at PageID 123.

To the extent both Public Works and the City are named as defendants in this action, joinder is unnecessary. Accordingly, the Ellises' motion for joinder will be denied as moot.

The City's two-page motion to dismiss, which is unaccompanied by a memorandum, cites legal authority and contains legal arguments in support of its request for dismissal. *See* Doc. #32. The Local Rules of this Court clearly state that a motion "may contain only the grounds for the request *and may not contain legal argument or citations to case law or other secondary authority*." L.U. Civ. R. 7(b)(2)(B) (emphasis added). The Local Rules also require that all motions, other than ex parte motions and motions involving necessitous or urgent matters, be accompanied by a memorandum of authorities. L.U. Civ. R. 7(b)(4). Because the City's motion fails to comply with these requirements,[2] the motion will be denied as procedurally deficient. *See id.* ("Failure to timely submit the required motion documents may result in the denial of the motion."); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of

---

[1] *See* Doc. #5.

[2] The motion states that "[b]ased on the nature of the instant Motion, Clarksdale respectfully requests that it believed [sic] from the requirement of a separate memorandum brief." Doc. #3 at ¶ 4. The Court sees no reason to waive the memorandum requirement on a dispositive motion which, as explained below, involves an uncertain issue of law—particularly when the legal arguments in the City's motion do not fully explore the issue.

a failure to comply with local rules is well within a district court's discretion."). However, because the procedural mechanism for addressing the capacity issue is somewhat muddled, the Court, in the interest of efficiency, will briefly discuss what it believes to be the proper standard for seeking dismissal based on lack of capacity.

In *Doe v. Mckesson*, the Fifth Circuit recently considered a case in which the district court dismissed claims brought by a police officer against "Black Lives Matter" ("BLM") and various people involved in the BLM movement. 945 F.3d 818, 832 (5th Cir. 2019), *vacated*, No. 19-1108, 2020 WL 6385692 (U.S. Nov. 2, 2020). The officer's complaint pleaded that BLM was a "national unincorporated association." *Id*. at 833. The district court took judicial notice that BLM, "as that term is used in the Complaint, is a *social movement* that was catalyzed on social media by the persons listed in the Complaint in response to the perceived mistreatment of African-American citizens by law enforcement officers." *Id*. at 832. Based on this judicially noticed fact, the district court held that BLM "is not a 'juridical person' capable of being sued," and dismissed BLM. *Id*. On appeal, the Fifth Circuit noted:

> Federal Rule of Civil Procedure Rule 9(a)(2) states that, if a party wishes to raise an issue regarding lack of capacity to be sued, "a party must do so by a specific denial." Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity. Nonetheless, we have permitted Rule 12(b) motions arguing lack of capacity. *See, e.g.*, *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991). Where the issue appears on the face of the complaint, other courts have done the same and treated it as a Rule 12(b)(6) motion. *See, e.g.*, *Klebanow v. N.Y. Produce Exch.*, 344 F.2d 294, 296 n.1 (2d Cir. 1965) ("Although the defense of lack of capacity is not expressly mentioned in [R]ule 12(b), the practice has grown up of examining it by a 12(b)(6) motion when the defect appears upon the face of the complaint."); *Coates v. Brazoria Cty. Tex.*, 894 F. Supp. 2d 966, 968 (S.D. Tex. 2012) ("Whether a party has the capacity to sue or be sued is a legal question that may be decided at the Rule 12 stage."); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1294 (3d ed. 2018) ("An effective denial of capacity … creates an issue of fact. Such a denial may be made in the responsive pleading or, if the lack of capacity … appears on the face of the pleadings or is discernible there from, the issue can be raised by a motion to dismiss for failure to state a claim for relief." (footnotes omitted)). Thus, we review the

>district court's dismissal for lack of capacity de novo and apply the Rule 12(b)(6) standard.

*Id*. at 824 n.2.

On the issue of BLM's dismissal, the panel observed that "Louisiana courts have looked to various factors as indicative of an intent to create an unincorporated association, including requiring dues, having insurance, ownership of property, governing agreements, or the presence of a formal membership structure." *Id*. at 834. In reviewing the officer's complaint, the panel noted that the complaint "does not allege that [BLM] possesses property, has a formal membership, requires dues, or possesses a governing agreement." *Id*. The panel therefore held "that the district court did not err in concluding that [the] complaint has failed plausibly to allege that [BLM] is an entity capable of being sued." *Id*.

On November 2, 2020, the United States Supreme Court vacated the opinion in *Doe* on grounds unrelated to BLM's dismissal. *McKesson v. Doe*, __ S. Ct. __, No. 19-1108, 2020 WL 6385692, at *2–3 (Nov. 2, 2020). The *Doe* panel opinion is therefore not binding on this Court. *See Beiser v. Weyler*, 284 F.3d 665, 668 (5th Cir. 2002) (noting vacated opinion was "no longer binding"); *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 n.1 (11th Cir. 2009) ("Although we have previously addressed this question in [an earlier opinion], as that case was vacated on other grounds, we have no binding precedent to guide us."); *United States v. Carmel*, 548 F.3d 571, 579 (7th Cir. 2008) (opinion vacated on other grounds was "no longer precedentially binding"). However, *Doe*'s apparent requirement that a plaintiff plead capacity seems to mirror the Fifth Circuit's approach in *Darby*, an opinion cited favorably in *Doe* (and cited by the City in its motion).

In *Darby*, a plaintiff brought a Title VII claim against the Pasadena Police Department. 939 F.2d at 312. The district court dismissed the claim because the "complaint … sued only the

4

department and not the City of Pasadena" and was thus "filed improperly against a nonexistent jural entity." *Id*. On appeal, the Fifth Circuit held that "[i]n order for a plaintiff to sue a city department, it must enjoy a separate legal existence" and that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*. at 313 (internal quotation marks omitted). The panel then held that the district court did not err in dismissing the complaint because "Darby … failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation." *Id*. at 314. Courts in this circuit have cited *Darby* for the proposition that a plaintiff has the burden of showing that a city or county department has the capacity to be sued. *See, e.g.*, *Murphy v. Nacogdoches Cnty. Jail*, No. 9:18-CV-60, 2019 WL 9042919, at *2 (E.D. Tex. Dec. 10, 2019).

The Fifth Circuit's apparent requirement that a plaintiff plead facts showing capacity seems inconsistent with Rule 9(a)(1)'s command that "[e]xcept when required to show that the court has jurisdiction, a pleading need not allege … a party's capacity to sue or be sued."[3] It is this command which has led a majority of other courts to come to the conclusion that a motion to dismiss based on lack of capacity is proper only when the lack of capacity is apparent from the face of the complaint (an approach cited with approval in *Doe*). 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1294 (4th ed.) Under this majority approach, "[a]n effective denial of capacity … creates an issue of fact" which should be resolved by a motion for summary judgment or at trial. *Id*.

---

[3] It is also inconsistent with the weight of non-binding authority that lack of capacity is an affirmative defense. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009); *Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 478 n. 2 (6th Cir. 2014) (citing *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir. 1960)).

Of course, a treatise is no more able to overturn Fifth Circuit precedent than another circuit is. And, published panel decisions are of course binding. *United States v. Vega*, 960 F.3d 669, 675 (5th Cir. 2020). However, the rules of civil procedure also govern this court. Fed. R. Civ. P. 1. More important, the Fifth Circuit itself, in a pre-*Darby* decision, held that a plaintiff need not plead capacity. *Lang v. Tex. & Pac. Ry. Co.*, 624 F.2d 1275, 1277 (5th Cir. 1980). The question, therefore, is how to reconcile the command of Rule 9 and *Lang* that a plaintiff need not plead capacity with the *Doe* and *Darby* analyses that seem to impose the opposite. Fortunately, this question is easily answered.

Under the Fifth Circuit's "rule of orderliness, … an earlier panel decision binds even if that panel's opinion does not explicitly address arguments presented to the later panel." *United States v. Berry*, 951 F.3d 632, 636 (5th Cir. 2020). To the extent *Darby* may be read as imposing a capacity pleading requirement on a plaintiff, this holding is properly discarded. Rather, consistent with Rule 9 (and the weight of other authority), a complaint may only be dismissed on a motion to dismiss for failure to state a claim if the lack of capacity is apparent from the face of the complaint. If the defect is not facially apparent, the argument should be addressed through a motion for summary judgment. Wright & Miller, *supra*, § 1294. This then raises one final question relevant to this case—when is a municipal department's lack of capacity apparent?

When a party, such as a city department, is neither an individual nor a corporation, capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *see Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013 (W.D. Tex. 2000) ("The capacity of an entity, such as a police department, to sue or to be sued is determined by the law of the state in which the district court is held.") (internal quotation marks omitted). Following this guidance, courts in this state have determined a city department's capacity to sue or be sued under

the "structural relationship" test announced in *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006). *See, e.g.*, *Higginbotham v. City of Louisville*, No. 1:19-cv-24, 2019 WL 4934949, at *2 (N.D. Miss. Oct. 7, 2019); *Tillman v. Harrison Cnty. Adult Det. Ctr.*, No. 1:18-CV-250, 2018 WL 4839069, at *2 (S.D. Miss. Oct. 4, 2018).

But *Brown* did not address capacity to be sued. It considered whether a sheriff's department qualified as a "political subdivision" under the Mississippi Tort Claims Act, which is the exclusive remedy for civil claims against governmental entities and employees. 927 So. 2d at 737. The Mississippi Supreme Court held that because counties have budgetary oversight over sheriff's departments and because "money flows from the county [to the sheriff's department], which would suggest that judgments against the sheriff or deputies are ultimately paid out of the county treasury," "sheriff's departments are not political subdivisions within the meaning of the MTCA [and] the Sheriff's Department does not enjoy a separate legal existence." *Id*. That inquiry, however, did not touch on either a county or a sheriff's department *capacity* to be sued. *See generally Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 837 (Tex. 2010) ("[A] statute that contemplates a government entity's involvement in litigation does not … waive the entity's immunity from suit.") (internal quotation marks omitted).

Municipalities and similar entities have only those powers expressly delegated to them by the state legislature. *See Hattiesburg Firefighters Loc. 184 v. City of Hattiesburg*, 263 So. 2d 767, 769–70 (Miss. 1972). A municipality, in turn "can delegate its right to perform certain acts and duties necessary to transact and carry out its powers." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 997 (8th Cir. 2016) (alteration omitted). Thus, as recognized by *Darby*, where, as here, a legislature has delegated to a municipality the power to sue and be sued,[4] a department of the

---

[4] Miss. Code Ann. § 21-17-1(1).

municipality will possess such capacity only to the extent the capacity has been delegated by the municipality. 939 F.2d at 312 ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). In this sense, a defect in capacity will be apparent from the face of the complaint only in the rare circumstances where a plaintiff has affirmatively pled that no such delegation occurred. Because the complaint here includes no such allegation, dismissal under 12(b)(6) would be improper. Rather, if no delegation of capacity exists, the City's request for Public Works' dismissal on such issue should be sought through summary judgment.

## IV
## Conclusion

The City's motion to dismiss Clarksdale Public Works [32] is **DENIED**. The Ellises' "Motion for Joinder of Claims and Parties" [38] is **DENIED as moot**.

**SO ORDERED**, this 13th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**