IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS and WILLIE ELLIS**                           **PLAINTIFFS**
dba Delta Cinema

**V.**                                                                                             **NO: 4:20-CV-32-DMB-JMV**

**CLARKSDALE PUBLIC UTILITIES,**
**CLARKSDALE PUBLIC WORKS, and**
**CITY OF CLARKSDALE**                                              **DEFENDANTS**

**ORDER**

Before the Court are the Ellises' motion for summary judgment, Doc. #90; the Ellises' supplemental motion for summary judgment, Doc. #93; and Clarksdale Public Utilities' motion to strike the affidavit of Bruce Ellis, Doc. #111. These motions will all be denied.

**I**
**Procedural History**

On February 26, 2020, Bruce Ellis and Willie Ellis, doing business as Delta Cinema, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Public Utilities, Clarksdale Public Works, and the City of Clarksdale. Doc. #1. The Ellises assert a Fifth Amendment claim through the vehicle of 42 U.S.C. § 1983 based on the defendants allegedly "taking plaintiff's private property for public use to transport untreated raw sewage and storm drain water without paying just compensation."[1] *Id.* at 3.

---

[1] On March 31, 2020, Public Utilities filed a motion to dismiss the Ellises' complaint for failure to state a claim, arguing that the Ellises' takings claim was not ripe because they failed to exhaust state remedies and failed to comply with the Mississippi Tort Claims Act ("MTCA"). Doc. #7. The City filed a motion to dismiss for insufficient service of process on May 7, 2020. Doc. #17. On May 22, 2020, the City, on behalf of Public Works, moved to dismiss Public Works on the ground that Public Works "is not a separate legal entity capable of suing or being sued." Doc. #32 at 1. The Court issued three separate orders disposing of the motions to dismiss. First, rejecting Public Utilities' ripeness argument, the Court, based on *Knick v. Township of Scott, Pennsylvania*, held that "dismissal is not warranted simply because the Ellises have state remedies available to them," Doc. #62 at 3, but because the Ellises failed to comply with the MTCA's notice requirements, the Court dismissed "any claims under the MTCA," *id.* at 5. Then, after finding that service on the City was insufficient, the Court extended the Ellises' deadline to serve the City until

On December 29, 2020, after the City was properly served[2] and all defendants answered[3] the complaint, the Ellises, while discovery was still ongoing,[4] filed a motion for summary judgment, Doc. #90, and supporting memorandum, Doc. #91. One week later, they filed a supplemental motion for summary judgment. Doc. #93. The supplemental motion includes twenty photos without any explanation of what they depict. *Id.* at PageID 348–67. The City filed one response to both motions, Doc. #95, and the Ellises replied, Doc. #99. Public Utilities filed a separate response to each motion for summary judgment. Docs. #97, #103. The Ellises replied. Docs. #101, #105.

On January 25, 2021, in reply to Public Utilities' argument that the supplemental motion "should be stricken as violating Rule 7(b)(2)(B) of the Local Uniform Rules,"[5] the Ellises filed an "Affidavit of Bruce Ellis-Plaintiff." Doc. #107. Public Utilities moved to strike the affidavit on February 5, 2021. Doc. #111. The Ellises filed a response to the motion to strike, Doc. #114, and attached nine photos with explanations of their contents, Doc. #114-1. Public Utilities did not reply.

## II
## Jurisdiction

The City, relying on *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 186 (1985), argues that because the Ellises "have not alleged that they sought compensation through Mississippi's inverse condemnation remedy" or demonstrated that such

---

December 4, 2020, and denied the City's motion to dismiss. Doc. #63 at 6. Finally, the Court denied the City's motion to dismiss Public Works for failure to comply with the Local Rules. Doc. #64 at 2.

[2] Doc. #70.

[3] Docs. #67, #68, #73.

[4] Doc. #78.

[5] Doc. #103 at 1.

2

action "would be inadequate or futile," the "taking claim is not ripe for adjudication by this Court and must be dismissed for lack of subject matter jurisdiction." Doc. #96 at 4. However, as this Court previously explained, "the Supreme Court in *Knick v. Township of Scott, Pennsylvania*, explicitly overruled the state-litigation requirement of *Williamson County*, explaining that '[a] property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government.'" Doc. #62 at 3 (quoting *Knick*, 139 S. Ct. 2162, 2179 (2019)). For the same reason, the City's jurisdictional argument fails.

### III
### Summary Judgment Standard

Summary judgment is proper when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014). "A court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020). When a party asserts that a fact cannot be or is genuinely disputed, the party must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Where, as here, "the movant bears the burden of proof at trial, the movant must establish beyond peradventure all of the essential elements of the claim … to warrant judgment in his favor." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (internal quotation marks omitted).

### IV
### Initial Motion for Summary Judgment

The Ellises' initial motion for summary judgment on their § 1983 claim asserts that the defendants' "Combined Sewer Storm drain was not designed in accordance with industry

3

standards;" the "Combined Sewer/Storm drain had deteriorated sections of the line;" the "drain failure has created a 17 to 20 feet sink hole under theatre concrete floor;" and there is a "substantial causal connection between the public improvement and the property damage." Doc. #90. In their supporting memorandum, the Ellises state their understanding of the law related to § 1983, the Fifth Amendment, the Mississippi Constitution, and inverse condemnation, and the definitions of "combined sewer system" and "combined sewer system overflow" "as defined at section 403.3 (r)." Doc. #91. However, the Ellises do not cite *any* record evidence in their motion or memorandum. As the Ellises have failed to cite "particular parts of materials in the record" to support that there is no genuine dispute regarding their factual assertions, the initial motion for summary judgment is properly denied.

## V
## Supplemental Motion for Summary Judgment

### A. Motion to Strike

In seeking to strike Bruce Ellis' affidavit, Public Utilities argues that the affidavit does not meet the requirements of Federal Rule of Civil Procedure 56(c)(4) because the "blanket statements contained in [the] affidavit are either not in dispute or they do not show that the plaintiffs are entitled to the relief they seek as a matter of law." Doc. #112 at PageID 439. It further argues there is not "enough factual support to show that [Bruce] possesses personal knowledge regarding the source of [the] photos" mentioned in the affidavit. *Id.* at PageID 440. The Ellises respond that the Court should not strike the affidavit[6] because "to grant Defendants Motion to Strike evidence that affects a substantial right of the Plaintiffs in establishing a causal connection between Defendants Public Improvement Failures and Damages to Plaintiffs Private Property could result

---

[6] The Ellises also argue that the Court should not strike their motions for summary judgment. Doc. #114 at PageID 450. However, Public Utilities only moved to strike the affidavit.

4

in actual prejudice to Plaintiffs." Doc. #114 at PageID 450 (internal quotation marks omitted). The Ellises also present arguments related to the admissibility of the photos, how the photos support summary judgment, and the Court's jurisdiction under *Knick*. *Id.* at PageID 451–55.

Under Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The only statements of fact in the affidavit of Bruce Ellis are of procedural events in this case.[7] The rest of the affidavit consists of arguments about the contents of the record,[8] arguments about whether certain filings complied with the Local Rules,[9] and arguments about the defendants' potential liability.[10] Doc. #107. To the extent the only facts in the affidavit are not in dispute and accurately relay procedural events in this case, the Court declines to strike them but need not and will not rely on them in evaluating the summary judgment issues (since the Court is already aware of the filings in this case). *See Brown v. Genworth Life & Annuity Ins. Co.*, No. 3:18-CV-506, 2020 WL 4340539, at *5 (E.D. Tenn. July 28, 2020) ("[S]triking portions of an affidavit or declaration is a drastic remedy. Plaintiff has not explained why the Court must strike a statement from a declaration when it will disregard the statement in

---

[7] *See* Doc. #107 at ¶ 2 ("Clarksdale Public Utilities, one of the Defendants herein, by and through its counsel of record filed a motion in opposition to Plaintiffs' Supplemental Motion for Summary Judgment [Doc. # 93] to the following: 'The Plaintiffs' Supplemental Motion for Summary Judgment should be stricken as a violating Rule 7(b)(2)(B) of the Local Uniform Rules.'"); *id.* at ¶ 3 ("Plaintiffs' filed a response in opposition to Defendant's request for Doc. # [93] to be stricken.").

[8] *See id.* at ¶ 4 ("Plaintiff files this Affidavit and states, the record contains various types of 'Documentary Evidence' in the form of pictures of Sanitary Sewer Overflows, CCTV drain footage establishing a causal connections of Defendants' Combined Sanitary Sewer / Storm drain catastrophic failure and untreated raw sewage Trespassing on to our private property.").

[9] *See id.* at ¶ 6 ("Information does not violate Local uniform Rule 7(b)(2)(B).").

[10] *See id.* at ¶ 7 ("Plaintiffs' assert Defendants' may actually be the ones in violation of the 33 U.S.C. SEC. 1251 of the Federal Clean Water Act Sections 301, 403, and 405 for failure to notify Plaintiffs', Regulatory agencies, and general public of hazards of illegal Sanitary Sewer Overflows and violating National Pollutant Discharge Elimination System (NPDES) permits.").

5

evaluating the motion for summary judgment, nor does the Court find any reason to do so."); *Tull Bros., Inc. v. Peerless Products, Inc.*, 953 F. Supp. 2d 1245, 1253 (S.D. Ala. 2013) ("The Court did not rely on Jones' Affidavit on summary judgment review and thus, Tull Brothers' motion [to strike the affidavit] … is MOOT."). Similarly, the Court declines to strike the arguments in the affidavit but also will not consider them in ruling on the motion for summary judgment. *See Ross v. Bd. of Regents of Univ. of Wis. Sys.*, 655 F. Supp. 2d 895, 923 (E.D. Wis. 2009) (denying motion to strike but declining to consider portions of affidavit that were not based on personal knowledge in deciding motion for summary judgment). Accordingly, the motion to strike is denied.

### B. Analysis

In their supplemental motion for summary judgment,[11] the Ellises contend that (1) the defendants "deviate[d] from industry standards in using above ground grade corrugated steel pipe as a substitute for the industry standard below ground grade clay pipe, cast iron pipe, and PVC/Plastic pipes to construct their combined sanitary sewer/storm drains in the down-town business district of the City of Clarksdale, Mississippi;" (2) "[o]ver the years, the corrugated steel pipes/drains deteriorated causing a sanitary sewer overflow … and allowed untreated raw sewage and storm water to 'trespass' onto Plaintiffs private property causing soil erosion, foundation damage, rust, mold, mildew, and other nuisances;" and (3) "[s]anitary sewer overflows are 'illegal' and a violation of Federal and State laws." Doc. #93 at PageID 344–45. Based on these contentions, the Ellises assert that there is "a causal relationship between the inherent risk of the design, construction, or maintenance of the work and the damages to the Plaintiffs private

---

[11] As Public Utilities points out, the Ellises' supplemental motion violates Local Rule 7(b)(2)(B) because it contains both legal argument and citations to case law. In further violation of the Local Rules, the Ellises did not file a memorandum in support of the supplemental motion or incorporate the previously filed memorandum in support of their initial motion. L.U. Civ. R. 7(b)(4). The motion may properly be denied for failure to comply with the Local Rules. *Id.* However, given the Ellises' pro se status, the Court addresses the merits of the motion.

6

property." *Id.* at PageID 346. The Ellises refer to the photos attached to their supplemental motion as evidence in support of the motion.

"To establish municipal liability pursuant to § 1983, a plaintiff must demonstrate three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018) (internal quotation marks omitted). The various unexplained photographs—the only evidence the Ellises cite in their supplemental motion—do not identify a policy maker or official policy or establish that a constitutional violation occurred.[12] As such, the Ellises have not carried their burden of showing there is no genuine dispute as to any material fact. Summary judgment is improper.

## VI
## Conclusion

Public Utilities' motion to strike [111] is **DENIED**. The Ellises' motion for summary judgment [90] and supplemental motion for summary judgment [93] are **DENIED**.

**SO ORDERED**, this 16th day of April, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[12] In response to the motion to strike, the Ellises submitted various photographs of the sewer system, workers making repairs, their cinema, and examples of "what can happen when a Public Works Project Fails," and included explanations of each photograph. Doc. #114-1. However, even considering the explanations provided, the Ellises do not identify a policy maker or official policy related to the sewer system or establish that their constitutional rights were violated.