IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS,** *doing business*
*as Delta Cinema*, ET AL.                                                                                            PLAINTIFFS

V.                                                                                                          NO. 4:20CV00032-DMB-JMV

**CLARKSDALE PUBLIC UTILITIES, ET. AL.**                                                       DEFENDANTS

### ORDER

Before the Court are Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 55(a) for the Clerk's entry of default against Defendant City of Clarksdale ("the City") [174]; the City's response [180]; and Plaintiffs' reply [182] and supporting memorandum [183]. Also before the Court are Plaintiffs' motion to compel production of documents [175] and supporting memorandum [179]. The motions will be denied.

**Plaintiffs' Motion for Clerk's Entry of Default**

Plaintiffs essentially charge and affirm by affidavit the City failed to "appear or answer" the complaint within 21 days after service and "has been in default since 12/10/20." There is no dispute that the City was served on 11/19/20 and that its answer was due on 12/10/20. The City responds that it filed its answer on 12/10/20 as evidenced by Doc. 73. Plaintiffs insist, however, that Doc. 73 is an answer that was filed on behalf of Defendant Clarksdale Public Works, not the City. In their brief [183] filed in support of their reply, Plaintiffs argue that because the certificate of service incorporated within Doc. 73 designates the filing attorney, Tiffany Carey, as counsel for Clarksdale Public Works, the filing was made on behalf of Clarksdale Public Works. The Court is unpersuaded by Plaintiffs' argument. By its express terms, the substance of Doc. 73 was filed and signed by counsel as an answer on behalf of the City. Furthermore, the docket reflects that Attorney Carey had already filed the "Separate Answer and Defenses of Clarksdale Public Works" [67] on November 27, 2020. And, to the extent Plaintiffs charge there was insufficient service of the City's answer because of an apparent scrivener's error on the certificate of service, Plaintiffs cite no applicable legal authority and allege no prejudice. Federal Rule of

Civil Procedure 12(a)(1)(A)(i) affords a defendant 21 days from the date of being served with the summons and complaint to answer. Here, the City was served with the summons and complaint on November 19, 2020, and had until December 10, 2020, to answer the complaint, which it did. Moreover, the City has been actively participating in this matter, as evidenced by the docket, since that time. Accordingly, Plaintiffs' request for entry of default by the Clerk under Rule 55(a) is without support[1] and, therefore, DENIED.

### Plaintiffs' Motion [175] to Compel Production of Documents and Amended Memorandum Document in Support [179][2]

Here, Plaintiffs essentially ask the Court to "compel" Defendants to produce certain documents and materials supplied to their experts. In their memorandum, Plaintiffs further request the Court "consider whether the documents requested in Doc. [175] establishes [sic] Defendants filed 'Sham Pleadings' on the Court in their Rule 56(c) Motion for Summary Judgment." For the most part, however, Plaintiffs' memorandum references summary-judgment-type issues, matters within the purview of the district judge. The Defendants have not responded to the instant motion. Nevertheless, because Plaintiffs provide neither facts nor legal authority that support(s) the request to compel documents and because the period for all discovery closed on May 27, 2021, the motion is DENIED.

**SO ORDERED** this 21st day of July, 2021.

/s/ Jane M. Virden
**U.S. MAGISTRATE JUDGE**

---

[1] Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Rule 55(a)'s requirements have not been met in this case.

[2] The Court also reviewed "Plaintiff's Amended Document in Support of Doc. [175]" [177]. The undersigned did not consider Doc. 177 in connection with the instant motion because it seeks distinct relief under *Daubert* and is within the purview of the district judge.