IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS,** *doing business*
*as Delta Cinema*, **ET AL.**                                                                                       **PLAINTIFFS**

NO. 4:20CV00032-DMB-JMV

**CLARKSDALE PUBLIC UTILITIES, ET. AL.**                                    **DEFENDANTS**

### ORDER

Before the Court is the City of Clarksdale's ("Clarksdale") motion [201] filed pursuant to Federal Rule of Civil Procedure 11(c) "for sanctions and any other relief the Court deems appropriate" against pro se Plaintiffs Bruce and Willie Ellis. Having considered the submissions of the parties, the record, and the applicable law, the Court is ready to rule.

In support of its motion, Clarksdale presents the following facts:

1. On June 17, 2021, Plaintiffs moved for entry of default against Defendant Clarksdale alleging through Plaintiff Bruce Ellis' affidavit testimony that Clarksdale did not appear or otherwise answer the Complaint by December 10, 2020, which was the 21st day after Plaintiffs served Clarksdale with the Complaint.

2. Even a cursory review of the docket proves this is simply not true.

3. Clarksdale filed its Separate Answer and Defenses [#073] on December 10, 2020, as reflected by the Court's time stamp at the top of each page of Docket Entry #073.

4. As the Court is well aware, Federal Rule of Civil Procedure 12(a)(1)(A)(i) affords a defendant 21 days from the date of being served with the summons and complaint to answer. Here, Clarksdale was served with the summons and complaint on November 19, 2020. See D.E. #070. Clarksdale had until December 10, 2020 to answer the Complaint, which it did.

5. Yet again, Clarksdale has been forced to respond to another filing by Plaintiffs that has no merit whatsoever. At some point, enough is enough.

> 6. Plaintiffs' Motion for Entry of Default and particularly Plaintiff Bruce Ellis' affidavit are contrary to the facts. Such baseless and patently false factual representations to this Court warrant sanctions.
>
> 7. Plaintiffs have apparently realized that their Motion for Entry of Default is baseless. See [D.E. #176]. However, instead of withdrawing it, they have requested that the Court "determine" that Clarksdale's Answer and Defenses [D.E. #73] "were a mere pretense, set up in bad faith[,] and based on plain or conceded facts, clearly known to be false and misleading. . . ." Id.

Further, Clarksdale asserts it afforded Plaintiffs 21 days to withdraw their motion for entry of default before filing the instant motion.

"Rule 11(b) provides that by presenting a filing to a court, attorneys and pro se litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support." *Copeland v. Minton*, 3:16-CV-726-L, 2016 WL 7971584, at *8 (N.D. Tex. Dec. 29, 2016), report and recommendation adopted, 3:16-CV-726-L, 2017 WL 303025 (N.D. Tex. Jan. 23, 2017) (citing Fed. R. Civ. P. 11(b)). "The purpose of the rule is to deter baseless filings in district court . . . and . . . to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Id.* (cleaned up). Plaintiffs are proceeding in this case pro se, but the rule applies equally to attorneys and unrepresented parties. *See Hicks v. Bexar County, Texas*, 973 F. Supp. 653, 687 (W.D. Tex. 1997), aff'd, 137 F.3d 1352 (5th Cir. 1998).

"After notice and [an] opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions." *Copeland*, 2016 WL 7971584, at *8 (citing FED. R. CIV. P. 11(c)(1). "These may include monetary and injunctive sanctions . . . and even dismissal." *Id.* (cleaned up). "Courts have a duty to 'impose the least severe sanction adequate' to deter future

conduct." *Id.* (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); accord FED. R. CIV. P. 11(c)(4)).

Rule 11(c)(2) provides that a motion must describe the specific sanctionable conduct. FED. R. CIV. P. 11(c)(2). "The rule contains a safe harbor provision that requires that the motion 'be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.'" *Id.* "This requirement is strictly construed, and substantial compliance is insufficient." *Copeland*, 2016 WL 7971584, at *8 (citing *Morris v. Thaler*, No. 3:12-CV-4916-N, 2013 WL 2383652, at *2 (N.D. Tex. May 31, 2013) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008)).

Rule 11 "sanctions are normally reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable, or without legal foundation or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (internal footnotes and quotations omitted, emphasis in the original). Among the factors that a court considers in determining whether a person has complied with Rule 11 is his or her pro se status. *Thomas v. Capital Sec. Servs. Inc.*, 836 F.2d 866, 875 (5th Cir. 1988). Although the Rule 11 standard applies equally to pro se parties as it does to attorneys, a court has "sufficient discretion to take account of the special circumstances that often arise in pro se situations." FED. R. CIV. P. 11 advisory committee's notes.

As an initial matter, the Court finds that Clarksdale complied with Rule 11's safe harbor provision by serving Plaintiffs with a copy of the motion and supporting memorandum on June 30, 2021, at least twenty-one (21) days prior to filing the motion on July 21, 2021. *See* FED. R.

CIV. P. 11(c)(2). Upon review of the totality of the record, however, the Court does not find a sanction beyond a warning is warranted at this time.

Here, Clarksdale charges that Plaintiffs' motion [174] for entry of default and supporting affidavit contain patently false statements of fact. The pertinent text of Plaintiffs' affidavit includes the following:

1. We are the Pro Se Attorneys in the above-entitled action and we are familiar with the file, records, and pleadings in this matter.

2. The Summons and Complaint were filed on 02/26/2020.

3. Defendant's were served with a copy of the Summons and Complaint on 11/19/2020, as reflected on the docket sheet by the proof of service filed on 11/30/2020.

4. An answer to Complaint was due on 12/10/2020.

5. Defendant City of Clarksdale failed to appear or answer Plaintiff's Complaint within the time allowed and therefore, has been in default since 12/10/2020.

By its order [209] dated July 21, 2021, this Court concluded Plaintiffs' motion for entry of default against Clarksdale was without merit. Plaintiffs had argued that Clarksdale's answer to the complaint was untimely because of an apparent scrivener's error on the certificate of service of said answer, which Plaintiffs contended was proof that the answer had been filed on behalf of Defendant Clarksdale Public Works, not Clarksdale.[1] While the undersigned is convinced the Court's ruling was correct, I am not persuaded sanctions are warranted—especially in view of the reason given by Plaintiffs in support of their motion for entry of default.[2] Moreover,

---

[1] The Court finds it interesting that while the instant motion was filed on behalf of Defendant City of Clarksdale, the rebuttal [203] is purportedly asserted on behalf of the "City of Clarksdale and Clarksdale Public Works (collectively, "City of Clarksdale")."

[2] Clarksdale admits the certificate of service to its answer contained the error identified by Plaintiffs.

Clarksdale has not presented any instances where Plaintiffs have maintained a position despite having been presented with clear guidance that the position is untenable.³ And while Plaintiffs are obligated to obey the same rules as attorneys in litigation—and the Court does not intend to tolerate any abusive or clearly outrageous conduct by any participant in these proceedings⁴—the Court does acknowledge Plaintiffs' lack of training and skill in application of the law and recognizes the danger of unfairness in imposing sanctions where a pro se litigant has received no clear warning that the subject conduct is inappropriate.⁵

Notwithstanding the foregoing, however, Plaintiffs are warned that failure to "stop-and-think" before making future legal or factual contentions against Clarksdale may result in the imposition of sanctions, including but not limited to monetary sanctions and/or dismissal. Further, Plaintiffs are advised that the Court has observed that many of Plaintiffs' filings have been filed in contravention of the rules of this Court. Accordingly, Plaintiffs are hereby admonished that any future filings that do not comply with L. U. Civ. R. 7 (for example, the rule requires a separate response to each separately docketed motion; prohibits making counter-

---

³ Rule 11 sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993) ("The imposition of a sanction without a prior warning is generally to be avoided."); *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448 (N.D. Tex. 1997) (citations omitted) (noting that "pro se parties should be sanctioned 'only after successive attempts to press a wholly frivolous claim'"). Here, the proposed motion Clarksdale served on Plaintiffs did not address the scrivener's error.

⁴ "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S. Ct. 2525, 2541, n. 46, 45 L. Ed. 2d 562 (1975).

⁵ Based on the Court's own research of cases involving pro se litigants facing Rule 11 sanctions, sanctions were rarely imposed in circumstances where the plaintiff had no notice in the form of a prior ruling that their conduct was inappropriate or where the court had not presented an opportunity for the litigant to assess and change their behavior. *See, e.g., Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) and *Taylor v. Cnty. of Copiah*, 937 F. Supp. 580, 586 (S.D. Miss. 1995) (noting the court had, among other things, recessed proceedings to allow the pro se plaintiff an opportunity to gain better understanding of the nature and/or gravity of the proceedings). *Cf. Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987) (in the context of Rule 38 of the Federal Rules of Appellate Procedure, finding sanctions warranted because the district court's opinion had "alerted [the pro se litigant] to the fact that his claim was frivolous").

motions within a response; and contemplates only a response to a motion and a reply to any response) will not be tolerated. Failure to heed the warnings contained in this order may subject the filer to appropriate sanctions.

Based on the foregoing, Clarksdale's motion for Rule 11 sanctions is DENIED.

SO ORDERED this 22nd day of September, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE