IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRUCE ELLIS and WILLIE ELLIS**                                          **PLAINTIFFS**
dba Delta Cinema

**V.**                                                                          **NO: 4:20-CV-32-DMB-JMV**

**CLARKSDALE PUBLIC UTILITIES,**
**CLARKSDALE PUBLIC WORKS, and**
**CITY OF CLARKSDALE**                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

Bruce Ellis and Willie Ellis seek to hold liable the City of Clarksdale, Clarksdale Public Utilities, and Clarksdale Public Works on an "inverse condemnation" theory that damage to their private property was allegedly caused by the defendants' transport of raw sewage and storm water across their property without payment of just compensation. Before the Court are various evidentiary and dispositive motions filed by the parties. As explained below, the evidentiary motions are all denied and the dispositive motions ultimately resolved in the defendants' favor.

**I**
**Relevant Procedural History**

On February 26, 2020, Bruce and Willie Ellis, doing business as Delta Cinema, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Public Utilities, Clarksdale Public Works, and the City of Clarksdale. Doc. #1. The Ellises assert a Fifth Amendment claim through the vehicle of 42 U.S.C. § 1983 based on the defendants allegedly "taking plaintiff's [sic] private property for public use to transport untreated raw sewage and storm drain water without paying just compensation."[1] *Id.* at 3.

---

[1] On March 31, 2020, Public Utilities moved to dismiss the complaint on arguments that the takings claim was not ripe because the Ellises failed to exhaust state remedies and failed to comply with the Mississippi Tort Claims Act ("MTCA"). Doc. #7. The City moved to dismiss for insufficient service of process on May 7, 2020. Doc. #17. On

While discovery was ongoing,[2] the Ellises filed a motion for summary judgment, Doc. #90, and one week later, a supplemental motion for summary judgment, Doc. #93. The Court denied both motions on April 16, 2021, because the Ellises did not "carr[y] their burden of showing there is no genuine dispute as to any material fact." Doc. #133 at 7.

Ten days later, on April 26, 2021, the Ellises filed a motion for reconsideration of the summary judgment denial. Doc. #136. The City and Public Utilities separately responded. Docs. #143, #144. The Ellises filed two untimely replies. Docs. #146, #151. Construing the second reply as a "second motion for reconsideration," the City filed a surreply,[3] Doc. #155, to which the Ellises responded, contesting the City's characterization of the reply as a second motion for reconsideration, Doc. #157.

On April 30, 2021, after the Ellises failed to respond to its interrogatories and requests for production, Public Utilities filed a motion to compel their discovery responses. Doc. #139. Because the Ellises' "utter failure to respond to [the] discovery requests [was] without excuse," United States Magistrate Judge Jane M. Virden granted the motion to compel and ordered the Ellises to serve their responses on Public Utilities within "ten (10) business days" of the May 27,

---

May 22, 2020, the City, on behalf of Public Works, moved to dismiss Public Works as it "is not a separate legal entity capable of suing or being sued." Doc. #32 at 1. The Court disposed of these motions in three separate orders. First, rejecting Public Utilities' ripeness argument, the Court, though finding based on *Knick v. Township of Scott, Pennsylvania*, that "dismissal is not warranted simply because the Ellises have state remedies available to them," dismissed "any claims under the MTCA" due to the Ellises' failure to comply with the MTCA's notice requirements. Doc. #62 at 3, 5. Then, after finding service on the City insufficient, the Court extended the Ellises' deadline to serve the City and denied the City's motion to dismiss. Doc. #63 at 6. Finally, the Court denied for failure to comply with the Local Rules the City's motion to dismiss Public Works. Doc. #64 at 2.

[2] Doc. #78.

[3] Neither the City nor the Ellises sought leave to file surreplies in this case but they did so nevertheless. "[S]urreplies are heavily disfavored by courts" and are typically stricken by this Court. *See Alston v. Prairie Farms Dairy, Inc.*, No. 4:18-cv-157, 2019 WL 2719793, at *1–2 (N.D. Miss. June 28, 2019). However, in an effort not to further muddle a somewhat confusing docket caused by the multitude of pending motions, the Court declines to strike the unauthorized surreplies associated with the Ellises' April 26 motion for reconsideration and Public Utilities' May 19 motion for summary judgment mentioned below.

2021, order. Doc. #156. The order warned that "failure to timely comply with this order may lead to the imposition of sanctions, including but not limited to … dismissal of this case." *Id.* at 2.

On May 19, 2021, Public Utilities, relying on the report of Blake Mendrop,[4] filed a motion for summary judgment, Doc. #153, which the City joined on June 2, 2021, Doc. #159. The Ellises filed a response, Doc. #160, and Public Utilities filed a reply, Doc. #163, which the City joined, Doc. #164. The Ellises filed a surreply, Doc. #165, and subsequently moved to strike the City's joinder as a "sham pleading," Doc. #176.

On June 15, 2021, after briefing closed on Public Utilities' summary judgment motion, Public Utilities, joined by the City,[5] moved to exclude "any evidence offered by the Plaintiffs through any individuals purported by them to be experts pursuant to Federal Rules of Civil Procedure 26(a) and 37." Doc. #171.[6] Rather than respond directly to the motion to exclude, the Ellises filed a "Motion in Opposition to Defendant's Doc. [171] to Exclude Plaintiff's Expert's." Doc. #178. The Ellises also filed a motion asking the Court "to conduct a Daubert Rule 702 inquiry to ensure that any and all scientific testimony offered by the Defendant's [sic] is not only relevant, but valid and reliable." Doc. #177.

On July 12, 2021, the City and Public Works moved to dismiss the Ellises' claims for failure to prosecute. Doc. #184. Public Utilities joined the motion on July 15, 2021. Doc. #194. This motion to dismiss is fully briefed. *See* Docs. #185, #199, #205, #210.

On July 13, 2021, the City and Public Works filed a motion for summary judgment. Doc. #187. The Ellises responded the next day. Doc. #192. On July 15, 2021, Public Utilities joined

---

[4] Doc. #153-1.

[5] Doc. #173.

[6] Though this filing is titled, "Daubert Motion to Exclude Plaintiffs' Experts," it does not seek exclusion based on any substantive *Daubert* issue.

3

this summary judgment motion, Doc. #195, and the Ellises filed a supplemental response, Doc. #197. The City and Public Works replied, Doc. #206, joined by Public Utilities, Doc. #211.

## II
## Ellises' Motion for Reconsideration

The Ellises move "the Court for reconsideration of previous denials [of their summary judgment motions] under a liberal construction," seeming to believe the reason for the denials was their "mislabeling and linking documents filed"[7] but also asserting "there is no genuine issue as to any material fact." Doc. #136 at PageID 560–61. Both the City and Public Utilities respond that "Federal Rule of Civil Procedure 60 provides finite grounds upon which this Court may relieve Plaintiffs from its order, none of which are mentioned" by the Ellises. Doc. #143 at PageID 583; Doc. #144 at 1. In reply, the Ellises, asserting that the defendants' expert Mendrop "admitted a violation of (EPA) Environmental Protection Agency Clean Water Act (CFR) Code of Federal Regulation 122.41(e)," argue in support of their § 1983 claims that the EPA is the policymaker, the defendants have failed to comply with federal regulations, and that such failure caused a violation of their constitutional rights. Doc. #152 at PageID 612, 614–15. The City argues that Mendrop's report is not "newly discovered evidence" under Rule 60. Doc. #155.

Though the defendants rely on Rule 60, Rule 54(b) provides the correct standard for deciding the Ellises' motion for reconsideration since the order denying the Ellises' summary judgment motion is interlocutory, not final. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). Rule 54(b) "authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir.

---

[7] Doc. #137 at PageID 565.

2017) (cleaned up). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient …." *Id.*

The Court denied the Ellises' motion for summary judgment because the Ellises failed to "identify a policy maker or official policy or establish that a constitutional violation occurred," thus failing to show there was no genuine dispute as to any material fact. Doc. #133 at 7. Even considering all of the multiple filings since the denial of summary judgment, the Ellises still have not established a policymaker or an official policy by any of the defendants[8] or that a constitutional violation occurred. As such, the motion for reconsideration is denied.

### III
### Motion to Dismiss for Failure to Prosecute

The City and Public Works argue dismissal pursuant to Rule 37(d)(3) and Rule 41(b) is proper because the Ellises "have failed to answer written discovery propounded by City of Clarksdale, failed to provide deposition dates, and failed to allow an inspection of their property." Doc. #184 at 1. Public Utilities' joinder to the motion asserts that although the Ellises "did ultimately respond to [Public Utilities'] discovery requests after [its] motion to compel was granted, … the responses provided were wholly deficient." Doc. #194 at 1. Although difficult to comprehend, the Ellises' response seems to primarily argue that the motion to dismiss is improper under Rule 12(g) because the defendants have already filed a Rule 12(b) motion to dismiss. *See* Doc. #199. But at no point do the Ellises' assert that they complied with their discovery requirements. The City and Public Works reply that this "complete failure to respond to any of

---

[8] Despite the Ellises' argument that the EPA was the policymaker and that the defendants violated their constitutional rights by failing to comply with federal regulations, they fail to show there was an official policy by any of the *defendants* and that any policy or custom was the moving force behind a constitutional violation as required for municipal liability. *See Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018).

City of Clarksdale's points is a confession of those facts and underscores that Plaintiffs continue to fail to litigate their case." Doc. #205 at 2.

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[9] Under Rule 37, if a party "fails to obey an order to provide or permit discovery," the court may dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). "While dismissal under either rule is a harsh sanction, it is nonetheless appropriate if a clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40–41 (W.D. La 2017). "Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district court[]." *Id.* at 41.

Since the Ellises are proceeding pro se, their failure to comply with their discovery obligations as to the discovery served by the City and Public Works, and their providing of "deficient" responses to Public Utilities' discovery requests,[10] are wholly attributable to them. However, it is not clear to the Court that lesser sanctions would not serve the best interests of justice and, as such, any dismissal would necessarily be without prejudice. *See id.* ("The Fifth Circuit affirms dismissals with prejudice for failure to prosecute … when … the district court has expressly determined that lesser sanctions would not prompt diligent prosecution … or proved to be futile."). Because, as explained below, the Court finds summary judgment in the defendants' favor is proper, the motion to dismiss is denied and the Court will decide the case on the merits.

---

[9] Though they rely on Rules 41(b) and 37, the City and Public Works do not explicitly cite an order with which the Ellises failed to comply but rather argue a failure to participate in discovery amounts to a failure to prosecute. *See* Doc. #185. In its joinder to the motion, Public Utilities does not mention much less argue that dismissal is proper under Judge Virden's May 27 order requiring the Ellises to respond to its discovery requests. Doc. #194.

[10] Given the decision to address the case on the merits, the Court did not independently analyze whether the Ellises' responses were deficient.

## IV
## Public Utilities' Motion to Exclude

Public Utilities, joined by the City,[11] moved to exclude "any evidence offered by the Plaintiffs through any individuals purported by them to be experts pursuant to Federal Rules of Civil Procedure 26(a) and 37." Doc. #171. Because the Ellises did not submit any expert evidence in response to the defendants' motions for summary judgment, the question becomes whether the Ellises may present expert evidence if this case proceeds to trial. This question need not be reached though because, as discussed below, the Court finds summary judgment in the defendants' favor proper on all of the Ellises' claims. Accordingly, Public Utilities' motion to exclude, Doc. #171, and the Ellises' motion in opposition, Doc. #178, are denied as moot.

## V
## Ellises' Daubert Motion

Regarding Mendrop's report, the Ellises ask the Court "to conduct a Daubert Rule 702 inquiry to ensure that any and all scientific testimony offered by the Defendant's [sic] is not only relevant, but valid and reliable." Doc. #177. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a district court has a "special obligation … to ensure that any and all scientific testimony is not only relevant but reliable." *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 802 (5th Cir. 2018) (cleaned up). Rather than arguing why Mendrop's report is not relevant, valid, or reliable, the Ellises simply ask the Court whether one of Mendrop's statements in the report establishes a violation of federal law and whether another statement shows strict liability should apply. Doc. #177 at PageID 743–44. To the extent the Ellises properly raise *Daubert* issues in the motion, the motion is denied as untimely because it was filed after the June 15, 2021, deadline for such motions. *See* Doc. #108. Regardless, because the Ellises do not present

---

[11] Doc. #173.

7

any *arguments* attacking Mendrop's expert qualifications or the reliability of his report, the motion is denied.[12]

## VI
## Ellises' Motion to Strike

Without citation to any authority, the Ellises ask the Court to strike the City's joinder to Public Utilities' motion for summary judgment as a sham pleading.[13] Doc. #176. Because the Ellises do not cite any authority for their assertion that the joinder is improper and because the referenced document simply indicates that the City joins in and incorporates by reference Public Utilities' motion, the Ellises' motion to strike is denied.

## VII
## Defendants' Summary Judgment Motions

The Ellises allege the defendants' operation of sanitary sewer and storm drains caused "mold, rot, rust, decay, and erosion" of their property which amounts to a taking of their "private property for public use … without paying just compensation." Doc. #1 at 3. Public Utilities, joined by the City,[14] argues summary judgment is proper because the Ellises have not established the necessary elements for municipal liability and failed to offer "competent expert testimony" in support of causation. Doc. #154 at 4–9. In response, the Ellises again argue that Mendrop's report supports their claim because it admits violations of the Clean Water Act and further argue that the defendants are strictly liable. Docs. #160-1, #161. Public Utilities replies that the Ellises have

---

[12] To the extent the Ellises intended to challenge Mendrop's qualifications, his education and 29 years of engineering experience, including serving as city engineer for two different cities in Mississippi, appear to qualify him to provide reliable information on the subject matter of their claims. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (a district court enjoys wide latitude in determining reliability). And Mendrop's report, which directly addresses the issues in this case, is clearly relevant.

[13] The Ellises also challenge the City's answer and request a default judgment against the City. Doc. #176 at PageID 735. Judge Virden later addressed arguments by the Ellises regarding the answer and found default was improper. *See* Doc. #209. Because the Ellises did not appeal that decision, the Court need not address the matter further.

[14] Doc. #159.

"failed to identify a policymaker, failed to identify a policy, and have failed to offer any competent evidence that CPU, pursuant to a policy or custom of the municipality, did anything to cause the alleged damage" and that ultimately the Ellises "lack the requisite training or education required to render an opinion as to the cause of their alleged property damage [because] determining the cause of any such damage involves scientific, technical, or other specialized knowledge typical of an expert and beyond the perception of a lay witness." Doc. #163 at 1–3.

In support of their separate motion for summary judgment, the City and Public Works, joined by Public Utilities,[15] argue that the plaintiffs "bald allegations are not evidence" to establish municipal liability and they have failed to offer evidence of causation to refute Mendrop's report. Doc. #188 at 6–7. The Ellises ignore the arguments made by the defendants and instead repeat their prior argument that "Strict Liability is imposed on the Defendant for violation of the Code of Federal Regulation Section 122.41(e), Federal Rules of Civil Procedure Rule 12(g); Rule 12(h), Federal Rules of Civil Procedure 55(a), and Fed. R. Civ. P. 56(g) which imposes sanctions for acts of bad faith." Doc. #193 at PageID 846–47. The City and Public Works reply that the Ellises' "submissions do not address any of City of Clarksdale's legal or factual points." Doc. #206.

### A. Standard of Review

Summary judgment shall be entered if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020).

---

[15] Doc. #195.

9

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Jones*, 936 F.3d at 321 (alterations omitted). When the movant does not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (cleaned up).

**B. Analysis**

"When evaluating whether governmental action constitutes a taking, a court employs a two-part test. First, … the court determines whether the claimant has identified a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking. Second, … [the court] determines whether that property interest was taken." *White Oak Realty, L.L.C. v. U.S. Army Corps of Eng.*, 746 F. App'x 294, 301 (5th Cir. 2018).

The defendants do not argue that the Ellises could not establish a cognizable property interest. Assuming the Ellises can show such, the pivotal question is whether the Ellises' property interest was taken.[16] Public Utilities argues the Ellises failed to offer "any competent evidence that [it], pursuant to a policy or custom of the municipality, did anything to cause the alleged damage to Plaintiffs' property." Doc. #154 at 6. In arguing the Ellises cannot establish causation, Public Utilities relies on the expert report of Mendrop, a civil engineer with 29 years of experience. Doc. #153-1 at PageID 625. Mendrop states in the report:

---

[16] "[U]nder appropriate circumstances[,] damage to property will be construed as a taking." *Porter v. United States*, 473 F.2d 1329, 1336 n.9 (5th Cir. 1973).

For background, the City of Clarksdale is responsible for storm water collection through its storm drains, while Clarksdale Public Utilities is responsible for water service and sewage treatment, including sewage effluent. The City of Clarksdale maintains its storm water drainage system. Clarksdale Public Utilities maintains the main water lines and the piping up to the meter. Any piping and/or plumbing beyond the meter is the responsibility of the property owner. The meters are within the City of Clarksdale's right of way, but on private property. As for sewage, any piping from the property to the main sewage line is traditionally the property owner's responsibility.

While making repairs to the stormwater drainage system near the Delta Cinema, the City of Clarksdale discovered that existing corrugated drainage pipes typically used for drainage systems had additional flow that was sanitary sewer effluent coming from service lines that were tied into the stormwater drainage system in preceding years. This resulted in raw sewage bypassing any treatment and entering the Sunflower River through the City of Clarksdale's storm drains. It is unknown who performed the work of tying the sewer service lines into the stormwater drainage system. However, due to the apparent age of the work, it is unlikely that the current operators of the stormwater drainage and sanitary sewer systems would have been made aware of this until a problem arose. From my experience working in other similar size towns in Mississippi, this is a common issue. Once these problems are discovered, it is in the best interest of the Public Health and Welfare of the local community to address the problem as quickly as possible.

Due to the age of the existing infrastructure, it was not possible to separate the stormwater and the sanitary sewer flows at this location. However, Clarksdale Public Utilities' treatment facility had the capacity to treat the combined flow of the stormwater drainage and sewer effluent. Given this, and it being in the best interest of public health, Clarksdale Public Utilities determined that the best course of action was to divert the subject stormwater flow with sewer effluent to the sewer collection system so that the sewage effluent could be treated properly.

Connecting the storm drain to the sanitary sewer collection system was not done on or under the Delta Cinema property but rather within existing easements or rights-of-way on adjacent property.

In the course of diverting the combined stormwater and sewer effluent flow to the sewer treatment system, it was also discovered that a portion of the piping that connected to the larger, existing sewage collection system was constructed with corrugated-steel piping. Clarksdale Public Utilities determined that some of the piping needed to be replaced and the remaining corrugated-steel piping needed to be lined. The only work done under the Delta Cinema property was the lining of the corrugated pipe and then testing (via video) the pipe that ran under the Delta Cinema to assure the integrity of that portion of the sewer system. Clarksdale Public Utilities took these remedial actions (lining the corrugated structure and replacing

11

> other corrugated pipes) with typical sanitary sewer pipe materials which met industry standards and applicable specifications.

Doc. #153-1 at PageID 622–23. Based on these facts, "it is [Mendrop's] opinion to a reasonable degree of professional and scientific certainty that there is no action or inaction by the City of Clarksdale or Clarksdale Public Utilities … that would explain any of the detrimental effects to the plaintiffs' property alleged in their Complaint." *Id.* at 624.

In support of their own motion for summary judgment, the City and Public Works submitted the affidavit of Arch Corley, who has served as the City's City Engineer since 1989. Doc. #187-1. "In [Corley's] professional opinion as a civil engineer with approximately 50 years of experience, the City of Clarksdale has done everything that it can within its public right-of-way to rectify the Ellises' alleged issues." *Id.* at 3.

In all of their filings in response to the motions for summary judgment, the Ellises failed to provide any evidence to refute the defendants' experts' opinions that their alleged damages were not caused by any action of the defendants.[17] *See* Docs. #160, #165, #192, #197. The Ellises have thus failed to create a factual dispute as to whether their property was taken as a result of the defendants' actions. Summary judgment in the defendants' favor will be granted.

## VIII
## Conclusion

In accordance with the rulings above:

1.  The Ellises' motion for reconsideration [136] is **DENIED**;

---

[17] Throughout the course of this litigation, the Ellises have submitted various photographs, both with and without explanation; repair estimates; an "NPDES Compliance Inspection Manual;" and portions of the Uniform Plumbing Code as their "evidence" to support their claims. *See* Doc. #53 at PageID 205–18; Doc. #56 at PageID 229–31; Doc. #93-1; Doc. #114-1; Doc. #119-1; Doc. #151-1. The Court is not bound to consider any information beyond the summary judgment record. Regardless, consideration of these materials does not alter the Court's conclusion that the Ellises have failed to show a factual dispute on the issues because such materials do not refute the defendants' evidence that the Ellises' alleged damages were not caused by the defendants.

12

2. The City and Public Works' motion to dismiss [184] is **DENIED**;

3. Public Utilities' motion to exclude [171] and the Ellises' motion in opposition [178] are **DENIED**;

4. The Ellises' "Daubert inquiry" motion [177] is **DENIED**;

5. The Ellises' motion to strike [176] is **DENIED**;

6. Public Utilities' motion for summary judgment [153] is **GRANTED**; and

7. The City and Public Works' motion for summary judgment [187] is **GRANTED**.

**SO ORDERED**, this 12th day of November, 2021.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
